David L. Cheng, Bar No. 240926
dcheng@fordharrison.com
Jamin Xu, Bar No. 320991
jxu@fordharrison.com
FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone: (213) 237-2400
Facsimile:  (213) 237-2401

Attorneys for Defendant,
SOUTHWIRE COMPANY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA MARQUEZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWIRE COMPANY, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:  5:21-cv-252<br><br>CLASS ACTION<br><br>**DEFENDANT SOUTHWIRE COMPANY, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1332(d) 1367(a), 1441(a), 1441(b), 1446 AND 1453**<br><br>Action Filed:      December 14, 2020<br>Date of Removal: February 12, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** Defendant SOUTHWIRE COMPANY, LLC ("SOUTHWIRE COMPANY," or "Defendant") hereby files this notice of removal pursuant to 28 U.S.C. §§ 1332(a) (Complete diversity jurisdiction), 1332(d) (Diversity under Class Action Fairness Act), 1367(a) (Supplemental Jurisdiction), 1441(a), 1441(b), 1446 and 1453, based on the following facts:

///

///

# **<u>TABLE OF CONTENTS</u>**

<u>**Page**</u>

I.    PLEADINGS, AND PROCESS, AND ORDERS ........................................... 1

II.   DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 (a) ...................... 2

    A.    Complete Diversity Pursuant To 28 U.S.C. § 1332 Exists in This Case.......................................................................................... 2

    B.    The Amount in Controversy Exceeds $75,000..................................... 3

III.  JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT ............................................................................... 9

    A.    This Matter was Brought As a Class Action...................................... 10

    B.    Plaintiff and Defendants Are Citizens of Different States.................. 10

    C.    The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are More than 100 Class Members ...................... 11

IV.  THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT.......................................................................................... 21

V.   VENUE........................................................................................... 22

VI.  CONCLUSION .............................................................................. 22

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Altamirano v. Shaw Indus.*,
   2013 U.S. Dist. LEXIS 84236 (N.D. Cal. Jun. 14, 2013) ................................. 18

*Andrade v. Beacon Sales Acquisition, Inc.*,
   2019 U.S. Dist. LEXIS 171460 (C.D. Cal. 2019) ............................................ 13

*Boyle v. Lorimar Productions, Inc.*,
   13 F.3d 1357 (9th Cir. 1994) ............................................................................ 8

*Brady v. Mercedes-Benz USA, Inc.*,
   243 F.Supp.2d 1004 (N.D. Cal. 2002) ...................................................... 6, 8, 18

*Cagle v. C&S Wholesale Grocers, Inc.*,
   2014 U.S. Dist. LEXIS 21571 (E.D. Cal. Feb. 19, 2014) ............................. 4, 13

*Dart Cherokee Basin Operating Co., LLC v. Owens¸*
   135 S. Ct. ...................................................................................................... 3, 12

*Davenport v. Mutual Benefit Health and Accident Ass'n*,
   325 F.2d 785 (9th Cir. 1963) ............................................................................ 8

*Dist. of Columbia v. Murphy*,
   314 U.S. 441 (1941) ......................................................................................... 2

*Fong v. Regis Corp.*,
   2014 U.S. Dist. LEXIS 275 (N.D. Cal. Jan. 2, 2014) ................................... 6, 18

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
   899 F.3d 785 (9th Cir. August 8, 2018) ............................................................ 8

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) ..................................................................... 6, 18

*Garcia v. Wal-Mart Stores*,
   2016 U.S. Dist. LEXIS 142807 (C.D. Cal. Oct. 14, 2016) ............................... 19

*Garnett v. ADT LLC*,
   74 F. Supp. 3d 1332 (E.D. Cal. 2015) ............................................................. 18

*Gutierrez v. Stericycle, Inc.*,
   2017 U.S. Dist. LEXIS 20975 (C.D. Cal. Feb. 14, 2017) ................................ 19

*Herrera v. Carmax Auto Superstores Cal., LLC*,
   2014 U.S. Dist. LEXIS 188729 (C.D. Cal. Jun. 12, 2014) ............................... 19

*Hughes v. Fosdick*,
   106 F. Supp. 3d 1078 (N.D. Cal. 2015) ........................................... 20

*Ibarra v. Manheim Investments, Inc.*,
   775 F.3d 1193 (9th Cir. 2015) ........................................... 11

*Johnson v. Columbia Props. Anchorage, LP*,
   437 F.3d 894 (9th Cir. 2006) ........................................... 29

*Johnson v. Sunrise Senior Living Mgmt.*,
   2016 U.S. Dist. LEXIS 29631 (C.D. Cal. Mar. 8, 2016) ................... 19

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ........................................... 4, 13

*Krug v. Wells Fargo Bank, N.A., No. C 11-5190*,
   2011 WL 6182341 (N.D. Cal. Dec. 13, 2011) ................................. 22

*Kuba v. 1-A Agric. Ass'n*,
   387 F.3d 850 (9th Cir. 2004) ........................................... 21

*Lewis v. Exxon Mobil Corp.*,
   348 F.Supp.2d 932 (W.D. Tenn. 2004) ........................................ 8

*Lopez v. Aerotek, Inc.*,
   2015 U.S. Dist. LEXIS 63615 (C.D. Cal. May 14, 2015) .................. 19

*Luckett v. Delta Airlines, Inc.*,
   171 F.3d 295 (5th Cir. 1999) ........................................... 13

*Mackall v. HealthSource Global Staffing, Inc.*,
   2016 U.S. Dist. LEXIS 119292 (N.D. Cal. Sep. 2, 2016) .................. 5

*Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ........................................... 21

*Oda v. Gucci Am., Inc.*,
   2015 U.S. Dist. LEXIS 1672 (C.D. Cal. 2015) ............................. 13

*Rodriguez v. CleanSource, Inc.*,
   2014 U.S. Dist. LEXIS 106901 ........................................... 19

*Salcido v. Evolution Fresh, Inc.*,
   2016 U.S. Dist. LEXIS 1375 (C.D. Cal. Jan. 6, 2016) ................... 6, 19

*Sanchez v. Monumental Life Ins. Co.*,
   102 F.3d 398 (9th Cir. 1996) ........................................... 3

*Sasso v. Noble Utah Long Beach, LLC, No. CV 14-09154-AB*
   (AJWx), 2015 WL 898468 (C.D. Cal. March 3, 2015) ..................... 7

*Guillen v. Kindred Healthcare Operating, Inc.*,
  2018 U.S. Dist. LEXIS 38458 (C.D. Cal. 2018) ................................. 16

*Simmons v. PCR Technology*,
  209 F.Supp.2d 1029 (C.D. Cal. 2002) ...................................... 6, 18

*Stafford v. Dollar Tree Stores, Inc.*,
  2014 U.S. Dist. LEXIS 42564 (E.D. Cal. Mar. 27, 2014) ................................. 20

*State Farm Mutual Auto Ins. Co. v. Campbell*,
  538 U.S. 408 (2003) ......................................................... 8

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ............................................. 18

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*,
  602 F.3d 1087 (9th Cir. 2010) ........................................... 11

## Federal Statutes

28 U.S.C. § 84 ............................................................... 22

28 U.S.C. § 1332 ............................................. 2, 3, 9, 10, 11, 20, 21

28 U.S.C. § 1367 ........................................................... 21

28 U.S.C. § 1441 ......................................................... 2, 3

28 U.S.C. § 1446 .................................................. 1, 21, 22

28 U.S.C. § 1453 ........................................................... 10

## State Cases

*Chavez v. Pratt (Robert Mann Packaging), LLC*,
  Case No. 19-cv-00719-NC, 2019 U.S. Dist. LEXIS 59399, (N.D. Cal. 2019) . 14

*Heyen v. Safeway Inc.*,
  2014 Cal. App. Unpub. LEXIS 3696 (May 23, 2014) ........................ 8

*Pellegrino v. Robert Half Internat., Inc.*,
  182 Cal. App. 4th 278 & 293 (2010) ................................... 7

## State Statutes

Cal. Bus. & Prof. Code § 17200 ................................. 1, 14, 21

Cal. Civil Code § 3294 ..................................................... 8

Cal. Code of Civil Procedure § 382 ...................................... 10

Cal Code of Civil Procedure § 1021.5 ................................... 17

Cal. Labor Code § 201 ....................................................................................... 1, 14

Cal. Labor Code § 202 ...................................................................................... 1, 14

Cal. Labor Code § 203 ...................................................................................... 5, 16

Cal. Labor Code § 226 ...................................................................................... 1, 14

Cal. Labor Code § 226.7 ......................................................................... 1, 4, 5, 6, 14

Cal. Labor Code § 510 ................................................................................... 1, 6, 14

Cal. Labor Code § 512 ...................................................................................... 1, 14

Cal. Labor Code § 1194 ...................................................................................... 1, 6, 14

Cal. Labor Code § 1197 ............................................................................ 1, 6, 11, 14

Cal. Labor Code § 1198 ................................................................................ 1, 6, 14

Cal. Labor Code § 2800 ................................................................................... 1, 14

Cal. Labor Code § 2802 .......................................................................... 1, 5, 6, 14

**Rules**

Fed. R. Civ. Proc. 6 .............................................................................................. 22

**Other**

8 Cal. Code Regs. § 11150, subd. 11........................................................................ 16

Article III of the United States Constitution ........................................................... 21

## I.    <u>PLEADINGS, AND PROCESS, AND ORDERS</u>

1.     On December 14, 2020, Plaintiff Regina Marquez ("Plaintiff") filed a putative class action complaint in the San Bernardino County Superior Court, titled "*Regina Marquez v. Southwire Company, LLC; and Does 1 through 100*," Case No. CIVSB2027859 (the "State Court Action").  (Declaration of Jamin Xu ("Xu Decl.") ¶ 2.)

2.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the entire file or record in the State Court Action, including all process and pleadings, and orders served upon Defendant Southwire Company, LLC ("Defendant") in this action, is attached to the Declaration of Jamin Xu as **<u>Exhibit A</u>**.  (Xu Decl. ¶ 3, Ex. A. [Plaintiff's Class Action Complaint]) The allegations in the Complaint are incorporated for reference in this notice of removal but are not admitted.

3.     Plaintiff's state court Complaint alleges the following causes of action: (1) failure to pay overtime (Cal. Labor Code §§ 510 and 1198); (2) failure to pay meal period premiums (Cal. Labor Code §§ 226.7 and 512(a)); (3) failure to pay rest period premiums (Cal. Labor Code § 226.7); (4) failure to pay minimum wages (Cal. Labor Code §§ 1194 and 1197); (5) failure to timely pay wages (Cal. Labor Code §§ 201 and 202); (6) failure to provide accurate wage statements (Cal. Labor Code § 226); (7) failure to reimburse business expenses (Cal. Labor Code §§ 2800 and 2802); and (8) violation of business & profession code §§ 17200-17208.  (Xu Decl. ¶ 3, Exh. A.) Plaintiff asserted the above claims both individually and as a putative class action on behalf of all individuals who have been employed as non-exempt employees by Defendant in the State of California at any time from four years immediately preceding the filing of the lawsuit to the present.

4.     Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on or received by Defendant and/or filed in the State Court Action.  To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the San Bernardino County Superior

Court, or served by any party.  (Xu Decl. ¶ 4.)

## II.   <u>DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 (a)</u>

5.   "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a).

6.   A state court action may be removed to federal court if (1) the action is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a). This case meets both requirements.

### A.   <u>Complete Diversity Pursuant To 28 U.S.C. § 1332 Exists in This Case.</u>

7.   <u>Citizenship of Plaintiff</u>.  Plaintiff is a California resident. (Compl. at ¶ 5.) "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."  *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).  In the instant case, no facts have been adduced to rebut the presumption that Plaintiff is domiciled in California.  Therefore, Plaintiff is a citizen of the State of California for diversity purposes.

8.   <u>Citizenship of Defendant Southwire Company, LLC</u>.  The citizenship of a limited liability company for diversity jurisdiction purposes is the citizenship of its members.  *See Fadal Machining Ctrs., LLC v. Mid-Atlantic CNC, Inc.*, 464 Fed. Appx. 672, 673 (9th Cir. 2012) ("For purposes of diversity jurisdiction, a limited liability corporation is a citizen of all states where its members are citizens.")*; Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Defendant was formed under the laws of the State of Delaware with its principal place of business and headquarters located in the State of Georgia.  All members of Defendant Southwire Company, LLC were organized under the laws of Delaware and their respective places of business and headquarters

are located in the state of Georgia. Accordingly, for diversity purposes, Defendant is a citizen of Delaware and Georgia. 28 U.S.C. § 1332(c)(1).

9.     The supposed defendants named as "DOES 1 through 100" are sued under fictitious names whose alleged citizenship is to be disregarded.  28 U.S.C. § 1441(b)(1).

10.     Because Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Georgia, complete diversity of citizenship exists.

**B.     The Amount in Controversy Exceeds $75,000.**

11.     The Complaint does not allege a specific amount for damages as to each claim. A notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.   Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, S. Ct. 547, 554 (2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).  As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question.  In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'"  *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011)).[1] Here, the Court can reasonably ascertain from Plaintiff's complaint and his prayer for relief that the amount in controversy exceeds $75,000.  The assertions of Defendant herein are limited to its preliminary understanding of Plaintiff's claims and data currently available to Defendant.  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will

---

[1]  The Supreme Court went on to say that "[o]f course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations." *Dart Cherokee*, 135 S. Ct. at 554.

return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.,* 2014 U.S. Dist. LEXIS 21571, *20 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does Defendant need to provide summary judgment-type evidence. *Id*., at *21.

12. While Defendant denies any liability to Plaintiff whatsoever, Defendant asserts, based on the allegations in the Complaint and Plaintiff's prayer for relief, that the amount in controversy exceeds $75,000.

13. **Wage and Hour Claims**. Plaintiff was employed by Defendant from a non-exempt, full-time Warehouse Specialist and was paid at a rate of $18.58/hour. During her employment from May 7, 2018 to May 8, 2019, she worked approximately 52 workweeks. (*See* Declaration of Melanie Cheyne ("Cheyne Decl."), ¶ 6.) As a full-time employee, she worked approximately five 8.0 hour shifts a week, for a total of approximately 260 shifts. (*See id*., ¶ 3) Therefore, Plaintiff was entitled to at least one meal period and two rest periods for each of these 260 shifts.

14. Plaintiff alleges that "Defendants failed to provide Plaintiff … the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties." (Compl. at ¶ 26.) California Labor Code section 226.7 and the applicable IWC Wage Orders provides one additional hour of compensation at an employee's regular rate for each workday that a meal period was not provided. Assuming *arguendo* that there is any merit to Plaintiff's allegation that she did not receive any meal breaks, based on an assumption that she experienced three meal period violation per workday, there is an estimate of **$14,492.40** in potential damages

1  (260 workdays with entitled meal breaks x 3 meal period premium per day x

2  $18.58/hr).

3    15.   California Labor Code section 226.7 and the applicable IWC Wage

4  Orders also provides an employee one additional hour of compensation at an

5  employee's regular rate for each workday that a rest period was not provided. Based

6  on Plaintiff's allegation that she was not provided rest periods, there is an estimate of

7  **$14,492.40** in damages (260 workdays with entitled rest breaks x 3 rest break penalty

8  per day x $18.58/hr).

9    16.   Plaintiff also states that Defendant, as a "pattern and practice,"

10  intentionally and willfully failed to accurately pay her for all overtime hours worked

11  in excess of eight hours in a workday and/or forty hours in any workweek. In doing

12  so, Plaintiff seeks overtime payment for the times she worked off-the-clock. (Compl.

13  ¶¶ 48-51.)  Based on these allegations, it is reasonable to assume one hour of unpaid

14  overtime per pay period in calculating the amount in controversy.  *See e.g. Mackall v.*

15  *HealthSource Global Staffing, Inc.*, 2016 U.S. Dist. LEXIS 119292 (N.D. Cal. Sep.

16  2, 2016).  Therefore, Plaintiff's potential damages resulting from this claim can be

17  estimated to be approximately **$1,449.24** (52 workweeks x 1 hour of unpaid overtime

18  x 1.5 rate x $18.58/hr).

19    17.   Plaintiff also claims, based on the non-payment of wages and meal and

20  rest break penalties, that she is entitled to waiting time penalties pursuant to Cal. Lab.

21  Code § 203, which provides that former employees may recover up to 30 days' wages

22  if an employer willfully fails to pay all wages owing at the time of termination.

23  Plaintiff's claim for waiting time penalties is estimated to be approximately **$4,459.20**

24  (8 hours a day x $18.58/hr x 30 days).

25    18.   Finally, assuming that Plaintiff's claim that she did not receive adequate

26  reimbursements for all reasonable and necessary work expenses pursuant to Labor

27  Code Section 2802 has any merit, and based on an assumption that Plaintiff failed to

28  receive approximately $5.00 in reimbursements per workweek, Defendant estimates

1   that Plaintiff's claim for damages is approximately **$260** ($5 per workweek * 52

2   workweeks).

3       19.   In total, the amount in controversy, is estimated to be approximately

4   **$35,153.24**, *exclusive attorneys' fees and interest*.

5       20.   **Attorneys' Fees**.  Plaintiff also seeks to recover attorneys' fees and

6   costs pursuant to California Labor Code sections 226, 226.7, 510, 1194, 1197, 1198,

7   2802.  (Compl. at Prayer for Relief.)  It is well-settled that when authorized by statute,

8   attorneys' fees are to be included in the calculation of the amount in controversy for

9   purposes of determining whether the requisite jurisdictional minimum is met.  *Galt*

10   *G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying

11   statute authorizes an award of attorneys' fees, either with mandatory or discretionary

12   language, such fees may be included in the amount in controversy"); *Brady v.*

13   *Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in

14   deciding amount in controversy issue, a court may estimate the amount of reasonable

15   attorneys' fees likely to be recovered by plaintiff if he were to prevail).  While

16   Plaintiff's attorneys' fees cannot be precisely calculated from the face of the

17   Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiff

18   could incur in the course of this matter may exceed a damages award.  *Simmons v.*

19   *PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002); *See Fong v. Regis*

20   *Corp.*, 2014 U.S. Dist. LEXIS 275, *23 (N.D. Cal. Jan. 2, 2014) ("Courts in this

21   circuit have held that, for purposes of calculating the amount in controversy in a

22   wage-and-hour class action, removing defendants can reasonably assume that

23   plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of

24   the projected damages."); *Salcido v. Evolution Fresh, Inc.*, 2016 U.S. Dist. LEXIS

25   1375, *23 (C.D. Cal. Jan. 6, 2016) (fees added to amount in controversy and remand

26   motion denied; "[t]he Court finds, consistent with its previous rulings on the issue,

27   that a 25 percent multiplier [to calculate fees] is appropriate").

28   ///

21.   Recent estimates for the number of hours expended through trial for single-plaintiff employment cases have ranged from 100 to 300 hours. *Sasso v. Noble Utah Long Beach, LLC,* No. CV 14-09154-AB (AJWx), 2015 WL 898468, *12 (C.D. Cal. March 3, 2015) (citations omitted).

22.   Plaintiff's counsel has previously filed other wage and hour actions and charges, at a minimum of $500 per hour. (Xu Decl. at ¶ 5, Ex. B – Declaration of Douglas Han at ¶ 14; Xu Decl. at ¶ 5, Ex. C – Declaration of Douglas Han at ¶¶ 9-10.)  For instance, in two (2) other wage and hour action, Mr. Han charged $500 per hour (*Green et al. v. Warehouse Demo Servs. Inc.* - Sacramento Superior Court Case No. 34-2010-00092039; *Lankford v. Roseburg Forest Products Co.* – Los Angeles Superior Court Case NO. BC603618). There, Mr. Han acted as co-counsel with another firm, charging a rate of $500/hour.  In less than two years on both cases (approximately 21 and 20 months), Mr. Han worked more than 966 hours and incurred up to $485,898.00 in attorneys' fees, and 899 hours and incurred up to $449,500.00 in attorneys' fees, respectively. The amount of hours that Mr. Han worked ***does not*** include the work his co-counsel performed.  Mr. Han will most likely perform the same amount of work and/or more work in this matter considering he does not have co-counsel in this case.  By applying the estimate of 100 to 300 hours in *Sasso* and even assuming his firm will solely bill this amount, it is reasonable, and in fact, very conservative to assume that Mr. Han will expend at least 150 hours prosecuting Plaintiff's individual claims.  Accordingly, the total amount of fees (at an hourly rate of $500) is approximately $**75,000.00**.  *See also Pellegrino v. Robert Half Internat., Inc.*, 182 Cal. App. 4th 278, 282 & 293 (2010) (Individual wage and hour action where after discounting the fact that class actions often apply a lodestar multiplier in the range of 2.0 to 4.0 in granting attorneys' fees for similar causes of action, the appellate court "**could not conclude the trial court abused its discretion in selecting a 1.75 multiplier**" in granting "plaintiffs' motion for attorney fees, and an amended judgment was entered, awarding, *inter alia*, plaintiffs' counsel $ **978,121.98** in

attorney fees" ) (Emphasis added); *Heyen v. Safeway Inc.*, 2014 Cal. App. Unpub. LEXIS 3696 (May 23, 2014) (affirming lower court decision to award $603,150 in attorney fees following failed putative class action that resulted in individual judgment in plaintiff's favor for $26,000). Therefore, taking Plaintiff's claims for attorneys' fees in combination with Plaintiff's potential wage damages ***will exceed*** the $75,000 threshold.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. August 8, 2018) (stating that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met).

23.    **Other Relief.**    Plaintiff seeks open-ended relief for other special damages, punitive damages, interest, and/or exemplary damages according to proof at trial.  (Compl. at Prayer for Relief, ¶ 6-7, 16, 22, 24-28, 33, 42, 44, 50.)  Although uncertain in amount, these claims for additional damages only serve to increase the amount in controversy.  *See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000.) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law.  *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002).  California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).  A punitive damages award may equal as much as four times the amount of the actual damages award.  *State Farm Mutual Au to Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

///

24.     Here, even assuming a conservative one to one ratio of punitive damages to Plaintiff's alleged damages (not including Plaintiff's attorney fee estimates), a reasonable estimate of Plaintiff's punitive damages is, therefore, approximately **$35,153.24**.  *Se Guillen*, 2018 U.S. Dist. LEXIS 38458, *13 (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007).

25.     Defendant denies that Plaintiff's claims have any merit.  Defendant also denies that Plaintiff suffered any damages.  However, when the relief sought is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.  Using the aforementioned methodology, the amount in controversy claimed by Plaintiff is, at minimum, **$150,865.36**.  This aggregate potential liability is broken down as follows:

| AMOUNT IN CONTROVERSY | |
| --- | --- |
| Wage and Hour Damages & Penalties | **$35,153.24** |
| Punitive Damages | **$35,153.24** |
| Attorney's Fees | **$75,000.00** |
| **TOTAL** | **$145,306.48** |

26.     Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## III.   JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

27.     Even if the requirements of traditional diversity jurisdiction were not satisfied, this lawsuit would still be removable pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA").  CAFA provides the federal district courts with original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different

1  from any defendant, and where the amount in controversy exceeds $5 million
2  exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

3      28.    Here, removal is proper under CAFA because, as set forth below, the
4  case is filed as a civil class action, the amount in controversy allegedly exceeds $5
5  million exclusive of interest and costs, and at least one member (if not all) of the class
6  of plaintiffs is a citizen of a state different from Defendants.

### A.    This Matter was Brought As a Class Action

8      29.    This action was initially brought pursuant to California Code of Civil
9  Procedure § 382 on behalf of a putative class consisting of persons who worked as
10 non-exempt employees for Defendant in the State of California at any time from four
11 years immediately preceding the filing of the lawsuit to the present.  (Compl., ¶¶ 1,
12 12-15, Ex. A to Xu Decl.)  Plaintiff also claims the putative class is so numerous that
13 the individual joinder of all members is impracticable.  (Compl., at ¶ 15.)  As such,
14 this matter is a putative class action as that term is defined in 28 U.S.C. §§
15 1332(d)(1)(B) and 1453.

16     30.    This Court has original subject matter jurisdiction over this case based
17 on diversity of citizenship under CAFA because this matter was brought as a class
18 action, diversity of citizenship exists between one or more members of the purported
19 class and Southwire, the number of proposed class members is 100 or greater, and
20 the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate,
21 $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1453. Removal
22 is therefore proper pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

### B.    Plaintiff and Defendants Are Citizens of Different States

24     31.    Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a
25 district court of the United States in accordance with section 1446 (except that the 1-
26 year limitation under section 1446(c)(1) shall not apply), without regard to whether
27 any defendant is a citizen of the State in which the action is brought, except that such
28 action may be removed by any defendant without the consent of all defendants."

CAFA's diversity requirement is satisfied when any member of a class of citizens is a citizen of a State different from any defendant.  28 U.S.C. § 1332(d)(2). *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

32.     As set forth in Section II.A., Plaintiff and all Defendants are citizens of different states for the purposes of determining diversity. (*See supra*, Section II. A., ¶¶ 7-10.)

C.     <u>**The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are More than 100 Class Members**</u>

33.     CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount.  28 U.S.C. § 1332(d)(6).  Further, CAFA may only be invoked if the proposed class contains at least 100 members.  28 U.S.C. § 1332(d).

34.     "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"  *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged."  (*Id.*)

35.     Plaintiff has not alleged a specific amount in controversy in her Complaint. (*See generally* Complaint, Ex. A to Xu Decl.)  A "defendants' notice of

removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). If the plaintiff or the court contests a defendant's allegations, however, "[e]vidence establishing the amount is required." (*Id.*) As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011). Here, Defendant can plausibly allege, based on Plaintiff's Complaint and his prayer for relief, that the amount in controversy for Plaintiff's class-wide claims exceeds $5 million. The assertions of Defendant herein are limited to its preliminary understanding of Plaintiff's claims and data currently available to Defendant.

36.    Here, Plaintiff proposes a class consisting of all non-exempt employees who are or who have been employed by Defendant in the state of California at any time during the four years prior to the commencement of this suit to the present. (Compl., ¶¶ 12-16, Ex. A to Xu Decl.) During the Relevant Time Period, between June 17, 2016 to the present, based on personnel and payroll records, Defendant employed approximately 258 persons at some point as non-exempt employees (the "Proposed Class"). (*See* Cheyne Decl., ¶ 4.) At any given time, the Proposed Class typically worked a schedule of approximately eight (8) hours a day, five (5) days a week. (*See id.*, ¶ 3.) The hourly rates of pay for the Proposed Class averaged approximately $21.26. (*See id.,* ¶ 7.) As of the date of the removal, the number of workweeks worked by the Proposed Class totaled approximately 31,073. (*See id.,* ¶ 5.)

///

37.     While Defendant denies Plaintiff's claims of wrong doing and denies her request for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of penalties and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiff, is in excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, 2014 U.S. Dist. LEXIS 21571, * 20 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does Defendant need to provide summary judgment-type evidence. *Cagle*, 2014 WL 651923, *7.

38.     However, where a plaintiff alleges that when a defendant commits labor code violations "as matters of policy and/or practice," it is not unreasonable to assume that meal and rest period violations occurred around 40% of the time and that employees were unpaid at least 1 hour of off the clock work and two hours of uncompensated overtime per workweek. *See Andrade v. Beacon Sales Acquisition, Inc*., 2019 U.S. Dist. LEXIS 171460, at *3 (C.D. Cal. 2019) (Denying plaintiff's motion for remand where defendant's calculations based on a presumed violation rate of one hour of off-the-clock work, two hours of uncompensated overtime and two meal and rest periods was reasonable due to the plaintiff's allegations that the violations occurred "as matters of policy and/or practice"); *Oda v. Gucci Am., Inc*., 2015 U.S. Dist. LEXIS 1672 (C.D. Cal. 2015) (Denying plaintiff's motion to remand where Plaintiff's complaint alleged violations based on policy/practice of labor code

violations resulting and therefore, "Gucci's assumption of a 50 percent violation rate for each type of violation is reasonable. Similarly, because Plaintiffs include separate claims for both failure to pay regular wages and failure to pay overtime, Gucci properly assumes at least one of each type of violation per week."); *Chavez v. Pratt (Robert Mann Packaging), LLC*, Case No. 19-cv-00719-NC, 2019 U.S. Dist. LEXIS 59399, *8 (N.D. Cal. 2019) (Holding an assumption of 30 minutes of unpaid wages per workweek is reasonable "where, Chavez's complaint as to minimum wage violations is quite vague—he alleges only that, as a pattern and practice, Pratt failed to pay the class members at least minimum wage for all hours worked.").

39.    Plaintiff alleged eight causes of action: (1) failure to pay overtime (Cal. Labor Code §§ 510 and 1198); (2) failure to pay meal period premiums (Cal. Labor Code §§ 226.7 and 512(a)); (3) failure to pay rest period premiums (Cal. Labor Code § 226.7); (4) failure to pay minimum wages (Cal. Labor Code §§ 1194 and 1197); (5) failure to timely pay wages (Cal. Labor Code §§ 201 and 202); (6) failure to provide accurate wage statements (Cal. Labor Code § 226); (7) failure to reimburse business expenses (Cal. Labor Code §§ 2800 and 2802); and (8) violation of business & profession code §§ 17200-17208.  (Xu Decl. ¶ 3, Ex. A.)  She seeks unpaid wages, interest, penalties, restitution, as well as attorneys' fees and costs.  Plaintiff seeks recovery the aforementioned remedies for all members of the Proposed Class.  (*See id.*, at ¶¶ 51, 64, 73, 78, 84, 90-91, 94, 101, Prayer of Relief to Ex. A to Xu Decl.)

40.    Throughout her Complaint, Plaintiff asserts claims on behalf of herself and the putative class that "Defendants engaged in a pattern and practice of wage abuse against their hourly paid or non-exempt employees within the State of California. This scheme involved, *inter alia*, failing to pay them for all hours worked, missed meal periods, and missed rest breaks in violation of California law." (Compl., at ¶ 24, Ex. A to Xu Decl.; *see also id.* at ¶¶ 35-41; 49-51, 57-62, 69-71, 76, 81-82, 87, 98.)  Specifically, Plaintiff contends that "[a]s a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay overtime wages to

Plaintiff and other class members for all hours worked… at least minimum wages for all hours worked… [and] failed to properly compensate Plaintiff and other class members pursuant to California law in order to increase Defendants' profits." (Compl., at ¶¶ 35, 37, 41 Ex. A to Xu Decl.) Plaintiff further alleges that "[a]s a pattern and practice, during the relevant time period set forth herein, Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiff and other class members." (Compl., at ¶ 36, Ex. A to Xu Decl.) Finally, Plaintiff alleged that "[a]s a pattern and practice, during the relevant time period set forth herein, Defendants failed to properly compensate Plaintiff and other class members the wages owed to them upon discharge or resignation…failed to provide complete or accurate wage statements to Plaintiff and other class members…[and] failed to keep complete or accurate payroll records for Plaintiff and other class members…" (Compl., at ¶ 38-40 Ex. A to Xu Decl.)

41.    Assuming *arguendo* the truth of Plaintiff's allegation that Defendant engaged in a "pattern and practice" of failing to compensate employees for all overtime and minimum wages earned (Compl., at ¶¶ 35, 37, 41 Ex. A to Xu Decl.) Plaintiff is seeking damages in the amount of approximately **$495,458.99** in unpaid wages, based on an assumption of approximately .5 hour of unpaid overtime wages per workweek, multiplied by 31,073 workweeks in the putative class period (.5 hour of unpaid wages per workweek * 31,073 workweeks * 1.5 times the regular rate of pay * an average rate of pay of $21.26/hour).

42.    Assuming *arguendo* the truth of Plaintiff's allegation that Defendant failed to provide uninterrupted and timely meal periods to Plaintiff and other class members "as a pattern and practice," and failed to pay them meal period premiums (Compl., at ¶¶ 36, 57-64 Ex. A to Xu Decl.), Plaintiff is seeking approximately **$1,981,835.94** in rest period premiums based on an estimate of 3 meal period violations per week (3 hours of meal period premiums per workweek * 31,073

workweeks * an average rate of pay of $21.26/hour).[2]

43.     Assuming *arguendo* the truth of Plaintiff's allegation that Defendant failed to provide uninterrupted and timely rest periods to Plaintiff and other class members "as a pattern and practice," and failed to pay them rest period premiums (Compl., at ¶¶ 36, 69-73 Ex. A to Xu Decl.), Plaintiff is seeking approximately **$1,981,835.94** in rest period premiums based on an estimate of 3 rest period violations per week (3 hours of rest period premiums per workweek * 31,073 workweeks * an average rate of pay of $21.26/hour).[3]

44.     Plaintiff also claims that the Proposed Class is entitled to waiting time penalties pursuant to Cal. Lab. Code § 203, which provides that employees may recover up to 30 days' wages if an employer willfully fails to pay all wages owing at the time of termination.  (Compl., ¶ 38, 81-84, Ex. A to Xu Decl.)  During the period of June 17, 2017 to the present, at least 87 of those who worked at some point as an hourly employee of Defendant in California ended their employment.  Assuming *arguendo* the truth of Plaintiff's allegation that those formerly employed and in the Proposed Class is entitled to waiting time penalties, based on each Proposed Class Member's rate of pay, Plaintiff's claim for waiting time penalties is estimated to be at least $**402,566.40** (30 days* 8 hours/day * 87 former employees * average rate of pay of $19.28/hour).

45.     Assuming *arguendo* the truth of Plaintiff's allegation that Defendant

---

[2]  It is reasonable to assume each shift during the week entitled the employee to a meal break because the average shift length was 8 hours. *See also* 8 Cal. Code Regs. § 11150, subd. 11; Cal. Lab. Code § 512 [entitling employee at least one meal break if employee worked a period of over five hours].)  It is also reasonable to assume three meal break penalties were due per workweek because the average number of days worked per week was 5 days.

[3]  It is reasonable to assume each shift during the week entitled the employee to two rest breaks because the average shift length was approximately 8 hours. *See also* 8 Cal. Code Regs. § 11150, subd. 12(A) [entitling employee at least one rest break if employee worked a period of at least 3.5 hours].)  It is also reasonable to assume three rest break penalties were due per workweek because the average number of days worked per week was 5 days.

failed to reimburse Plaintiff and other class members for all necessary business-relate expenses and costs, "as a pattern and practice," (Compl., at ¶¶ 36, 94 Ex. A to Xu Decl.), it is reasonable to conservatively assume that Plaintiff is seeking at least approximately **$155,365** in unreimbursed business expenses ($5 of unreimbursed business expenses per workweek * 31,073 workweeks).

46.     In her Complaint, Plaintiff also alleges inaccurate wage statement claims on a putative classwide basis. (Compl., at ¶¶ 31, 39, 85-91, Ex. A to Xu Decl.) Specifically, she alleges that Defendant "[a]s a pattern and practice, intentionally and willfully failed to comply with Labor Code 226(a) on wages statements that were provided to Plaintiff and other Class Members," and that "the deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and other class members." (Compl., ¶ 87, Ex. A to Xu Decl.)

47.     California Labor Code section 226(e)(1) provides for a penalty of up to $4,000 within the one-year statute of limitations, given that Defendant issued pay statements to Plaintiff and members of the putative class on a weekly basis.  During the one-year statute of limitations period in California, Defendant employed approximately 198 non-exempt employees, and 135 of these employees worked at least 41 pay periods, thereby triggering the maximum $4,000 penalty under Labor Code Section 226. Another 58 non-exempt employees worked at least one, but less than 41 pay periods for a total of 647 pay periods form June 17, 2019 to January 21, 2021. Accordingly, Plaintiff's wage statement claim is estimated to be approximately **$601,800** (135 class members x $4,000 penalty + [58 initial violations * $50 per "initial violation"] + [589* $100 per "subsequent violation"]).

48.     In total the amount in controversy, is estimated to be at least **$5,618,862.27**, exclusive of attorneys' fees and interest.

49.     Plaintiff also seeks an award of reasonable attorneys' fees and costs for the putative class, including pursuant to the California Code of Civil Procedure § 1021.5.  (*See* Compl., ¶ 51, 77, 101;  Exh. A to Xu  Decl.)  It is well-settled that

1   when authorized by statute, attorneys' fees are to be included in the calculation of the

2   amount of Plaintiff's claims for purposes of determining whether the requisite

3   jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156

4   (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys'

5   fees, either with mandatory or discretionary language, such fees may be included in

6   the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d

7   1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may

8   estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff

9   if she were to prevail).  While Plaintiff's attorneys' fees cannot be precisely

10  calculated, it is reasonable to assume that they could exceed a damages award.

11  *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).

12  Additionally, courts in this circuit have held that it is not uncommon for an attorneys'

13  fees award to be 25% of the recovery. *See*, *e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938,

14  968 (9th Cir. 2003).

15       50.    Particularly in the context of a CAFA removal, courts often add 25% of

16  the projected recovery as the amount of fees in controversy. *See Fong v. Regis Corp.*,

17  2014 U.S. Dist. LEXIS 275, *23 (N.D. Cal. Jan. 2, 2014) ("Courts in this circuit have

18  held that, for purposes of calculating the amount in controversy in a wage-and-hour

19  class action, removing defendants can reasonably assume that plaintiffs are entitled

20  to attorney fees valued at approximately twenty-five percent of the projected

21  damages."); *Altamirano v. Shaw Indus.*, 2013 U.S. Dist. LEXIS 84236, *35 (N.D.

22  Cal. Jun. 14, 2013) (denying motion to remand because "the amount

23  in controversy on the five causes of actions totals $4,354,326.48, [and] adding

24  attorneys fees yields a total amount in controversy of $5,442,908.10"); *Garnett v.*

25  *ADT LLC*, 74 F. Supp. 3d 1332, 1337-38 (E.D. Cal. 2015) (motion to remand denied

26  because "[a]ssuming that plaintiff correctly estimates the statutory damages available

27  under section 226(e) as $4,064,800, an attorney award of $935,200--or

28  approximately 23 percent of estimated recovery--would suffice to push this case

over CAFA's $5 million requirement"); *Rodriguez v. CleanSource, Inc.*, 2014 U.S. Dist. LEXIS 106901, *13-14 (denying motion to remand because "25% of $4,274,189.42, $1,068,547.36, which, when added to the previous figure, produces a total amount in controversy of $5,342,736.78. This exceeds the jurisdictional threshold for CAFA."); *Herrera v. Carmax Auto Superstores Cal., LLC*, 2014 U.S. Dist. LEXIS 188729, *12-13 (C.D. Cal. Jun. 12, 2014) (denying motion to remand because "Defendant has established that the amount in controversy in Plaintiffs' attorneys' fees claim is 25 percent of the amount in controversy in the above claims"); *Gutierrez v. Stericycle, Inc.*, 2017 U.S. Dist. LEXIS 20975, *51-52 (C.D. Cal. Feb. 14, 2017) (amount in controversy exceeds $5 million for purposes of CAFA because "it is appropriate to include in the calculation of the amount in controversy a potential fee award of 25% of the value of certain of the substantive claims"); *Garcia v. Wal-Mart Stores*, 2016 U.S. Dist. LEXIS 142807, *18 (C.D. Cal. Oct. 14, 2016) (motion to remand denied because "Defendant can establish by a preponderance of the evidence that the overtime penalties are at least $4 million dollars [and] the addition of twenty-five percent in attorneys' fees would necessarily meet the $5 million amount in controversy requirement under CAFA."); *Salcido v. Evolution Fresh, Inc.*, 2016 U.S. Dist. LEXIS 1375, *23 (C.D. Cal. Jan. 6, 2016) (fees added to amount in controversy and remand motion denied; "[t]he Court finds, consistent with its previous rulings on the issue, that a 25 percent multiplier [to calculate fees] is appropriate"); *Johnson v. Sunrise Senior Living Mgmt.*, 2016 U.S. Dist. LEXIS 29631, *17 (C.D. Cal. Mar. 8, 2016) ("If Defendant can establish by a preponderance of the evidence that the waiting time penalties are at least $4 million dollars, the addition of twenty-five percent in attorneys' fees would necessarily meet the $5 million amount in controversy requirement under CAFA."); *Lopez v. Aerotek, Inc.*, 2015 U.S. Dist. LEXIS 63615, *8-9 (C.D. Cal. May 14, 2015) (approving of calculation of "amount in controversy before attorneys' fees [to be] $4,887,718.00, resulting in a 25 percent attorneys' fee of $1,221,929.50, and reaching a total amount

in controversy of $6,109,647.50"); *Hughes v. Fosdick*, 106 F. Supp. 3d 1078, 1083 (N.D. Cal. 2015) ("the Court concludes that defendants' estimate of an additional 25 percent of the mileage reimbursement value is reasonable" to add as the value of the attorneys' fees demand for purposes of calculating the amount in controversy for a CAFA removal); *Stafford v. Dollar Tree Stores, Inc.*, 2014 U.S. Dist. LEXIS 42564, *24 (E.D. Cal. Mar. 27, 2014) ("the amount in controversy includes attorneys' fees, and a common estimate for the attorneys' fees award is 25 percent of the recoverable damages"). Considering the sum of the potential damages from above, estimated to be at least **$5,618,862.27**, it is reasonable to assume *arguendo* that the potential attorneys' fees would be **$1,404,715.57** (**$5,618,862.27** x 25%).

51.     Alternatively, even if we were to conservatively estimate Plaintiff's attorney's fees in this action based on the fees his counsel recovered in similar wage and hour class actions, like the *Lankford* and *Green* matters discussed above (*supra,* Section II. B.), Plaintiff's attorneys' fees in this action are estimated to be approximately **$449,500.00** to **$485,898.00**, calculated at Plaintiff's counsel's rate of $500/hour for 899 to 966 hours of work (which excludes the substantial hours his co-counsel contributed to the litigation of those two cases). Therefore, this is a very conservative and reasonable estimate of Plaintiff's potential award of attorneys' fees in this action.

52.     Defendant does not concede Plaintiff's claims have any merit, however, when the relief sought on behalf of the putative class is taken as a whole, the amount in controversy for Plaintiff's class claims more likely than not exceeds the $5 million jurisdiction requirement, exclusive of interest and costs ($5,618,862.27+ $449,500.00 = **$6,068,362.27** or $5,618,862.27+ $1,404,715.57 = **$7,023,577.84**). Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(d)(2) and 1441(a). *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in

1    controversy exceeds the sum or value of $5 million, exclusive of interest and costs.")

2    Accordingly, the potential amount in controversy is in excess of the $5 million

3    threshold for CAFA jurisdiction.

4        53.    All other claims for relief under various California statutory laws,

5    including, but not limited to, Plaintiff's Eighth Cause of Action for Unfair

6    Competition in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* is within the

7    supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), because it is so

8    related to the Plaintiff's claims (*i.e.* Plaintiff's First through Seventh Causes of

9    Action) that it forms part of the same case or controversy under Article III of the

10   United States Constitution.  These other state law claims are derivative of their other

11   claims since they "derive from a common nucleus of operative fact and are such that

12   a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba*

13   *v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004).   Jurisdiction is thus

14   appropriate for all of Plaintiff's claims that are transactionally related to Plaintiff's

15   First through Eighth Causes of Action.

16       54.    Finally, CAFA's numerosity requirement of the proposed class having

17   at least 100 class members is satisfied.  *See* 28 U.S.C. § 1332(d)(5)(B).

18   **IV.   THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT**

19       55.    Pursuant to 28 U.S.C. § 1446(a), Defendant has attached to this notice

20   and the declaration of Jamin Xu, all pleadings, process, orders, and all other filings

21   in the state court action.  (Xu Decl. ¶¶ 3-4, Exh. A.)

22       56.    This Notice of Removal is timely filed in accordance with 28 U.S.C.

23   1446(b), in that it is filed within thirty (30) days after Defendants were provided with

24   any pleading or other paper in this matter, and this case has been on file for less than

25   one year. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354

26   (1999).  The 30-day period for removal runs from the date of service of the summons

27   and complaint, as governed by state law.  *See Id*.  Here, Defendant was served with

28   the Complaint on January 13, 2021.  (Xu Decl., ¶ 2) This Notice of Removal is timely

under 28 U.S.C. § 1446(b) because it is filed within 30 days of the date when Defendant was served with a copy of the Complaint and corresponding summons, accounting for weekends, through its registered agent for service of process.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL 6182341, *1 (N.D. Cal. Dec. 13, 2011).  Accordingly, the 30-day period for removal runs from January 13, 2021.

57.    Defendant will promptly file and serve a notice of removal to the Clerk of Superior Court of California, County of San Bernardino. (*See* Xu Decl. ¶ 6.)

58.    As required by 28 U.S.C. §1446(d), Defendant will give notice of this removal to Plaintiff.  (Xu Decl. ¶ 6.)

## V.    <u>VENUE</u>

59.    This action was brought and is pending before the Superior Court of California, San Bernardino County.

60.    San Bernardino County, California is located within the Central District of California.

61.    Venue is proper pursuant to 28 U.S.C. § 84(c)(2) because this is the "district and division embracing the place where [Plaintiff's] action is pending."  28 U.S.C. §1441(a), & 1446(a).

## VI.    <u>CONCLUSION</u>

WHEREFORE, Defendant removes this civil action from the Superior Court of the State of California, San Bernardino, to the United States District Court for the Central District of California.  By removing the action to this Court, Defendant does not waive any defenses, objections, or motions available to them under state or federal law.

///

///

///

///

1

2    Dated:  February 12, 2021

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

FORD & HARRISON LLP


By:   */s/ David L. Cheng*
         David L. Cheng
         Jamin Xu
         Attorneys for Defendant,
         SOUTHWIRE COMPANY, LLC

1

## **PROOF OF SERVICE**

2

I, Lillian Marquez, declare:

3

I am a citizen of the United States and employed in Los Angeles County,
California. I am over the age of eighteen years and not a party to the within-entitled
action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles,
California 90071.

4

5

On **February 12, 2021**, I served a copy of the following document(s)
described below on the interested parties in this action, as follows:

6

7

**DEFENDANT SOUTHWIRE COMPANY, LLC'S NOTICE OF REMOVAL
OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1332(d) 1367(a), 1441(a), 1441(b),
1446 AND 1453**

8

9

Douglas Han, Esq.                                          Attorneys for Plaintiff,
Shunt Tatvos-Gharajeh, Esq.                    REGINA MARQUEZ
Chancellor D. Nobles, Esq.
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Avenue, Suite 101
Pasadena, CA 91103
Tel.: (818) 230-7502
Fax: (818) 230-7259

10

11

12

13

14

☒ **BY U.S. MAIL:** By placing the document(s) listed above in a sealed
envelope with postage thereon fully prepaid, in the United States mail at Los
Angeles, California addressed as set forth above. I am readily familiar with
the firm's practice of collection and processing correspondence for mailing.
Under that practice it would be deposited with the U.S. Postal Service on that
same day with postage thereon fully prepaid in the ordinary course of
business. I am aware that on motion of the party served, service is presumed
invalid if postal cancellation date or postage meter date is more than one day
after date of deposit for mailing in affidavit.

15

16

17

18

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I electronically
served the documents on the date shown below to the e-mail addresses of the
person listed below. I did not receive within a reasonable time after the
transmission any electronic message or other indication that the transmission
was unsuccessful.

19

20

21

☒ **ELECTRONICALLY:** I caused a true and correct copy thereof to be
electronically filed using the Court's Electronic Court Filing ("ECF") System
and service was completed by electronic means by transmittal of a Notice of
Electronic Filing on the registered participants of the ECF System.

22

23

24

☒ **FEDERAL:** I declare that I am employed in the office of a member of the
State Bar of this Court at whose direction the service was made. I declare under
penalty of perjury under the laws of the United States of America and State of
California that the above is true and correct.

25

26

Executed on **February 12, 2021**, at Los Angeles, California.

27

28

_____
Lillian Marquez

WSACTIVELLP:12060638.1                    24        **DEFENDANT'S NOTICE OF REMOVAL OF ACTION**