## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Marquez

vs.

Southwire Company

Case No.: CIV SB 2 0 2 7 8 5 9

**CERTIFICATE OF ASSIGNMENT**

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino District of the Superior Court under Rule131 and General Order
of this court for the checked reason:

■ General          ☐ Collection
**Nature of Action**       **Ground**

| | | |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other | |
| x | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Defendant's Place of Business                                9199 Cleveland Ave #100
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR              ADDRESS

Rancho Cucamonga                    California                    91730
CITY                                STATE                         ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was
executed on December 11, 2020 at Pasadena
California.

_Signature of Attorney/Party_

Form # 13-16503-360
Mandatory Use

CERTIFICATE OF ASSIGNMENT

Rev. June 2019

Douglas Han (SBN 232858) / Chancellor F. Nobles (SBN 330081)
JUSTICE LAW CORPORATION
751 N. Fair Oaks Avenue, Suite 101, Pasadena, California 91103

TELEPHONE NO.: 818-230-7502   FAX NO. (Optional): 818-230-7259
ATTORNEY FOR (Name): Plaintiff Regina Marquez

*FOR COURT USE ONLY*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**DEC 1 4 2020**

BY _____
ELISABETH MARTINEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, California 92415
BRANCH NAME: San Bernardino District - Civil Division

CASE NAME:
Marquez v. Southwire Company, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIV SB 2027859 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 11, 2020

Douglas Han
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

For your protection and privacy, please press the Clear

RECEIVED

DEC 14 2020

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| **Class Action** Regina Marquez -v- Southwire Company | |
|---|---|
| **NOTICE OF FILING FEES DUE** | Case Number |
| | CIVSB2027859 |

Justice Law Corporation
751 N Fair Oaks Avenue
Suite 101
Pasadena CA  91103

Pursuant to Senate Bill 1021 enacted on June 27, 2012, you have failed to pay the full amount of filing fees.

This notice is to inform you that the remaining fees of $ 1,000.00 is due to the court on or before 01/21/21 to the above court address.

If a hearing has been set prior to the date the fees are due, you must submit the fees one day prior to the hearing.

Date: 12/31/2020                                          By: _____

Elisabeth Martinez, Deputy Clerk

---

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:

☒   Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this
     date, following standard Court practices.

☐   Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed
     to the interested party and addressed as shown above or as shown on the attached listing.

☐   A copy of this notice was given to the filing party at the counter.

☐   A copy of this notice was placed in the bin located at this office and identified as the location for the above law
     firm's collection of file stamped documents.

Date of Mailing:  12/31/2020

I declare under penalty of perjury that the forgoing is true and correct.
Executed on 12/31/2020 at San Bernardino

Date: 12/31/2020                                          By: _____

Elisabeth Martinez, Deputy Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 1 2020

BY _____ _Alfie Cervantes_
ALFIE CERVANTES, DEPUTY

1   Superior Court of California
    County of San Bernardino
2   247 W. Third Street, Dept. S-26
    San Bernardino, CA  92415-0210

3

4

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9           COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT

10

11   REGINA MARQUEZ                    )      Case No.: CIVSB 2027859
                                       )
12                                     )
                                       )
13              vs.                    )
                                       )
14                                     )
                                       )
15                                     )      **INITIAL CASE MANAGEMENT**
     SOUTHWIRE COMPANY                 )      **CONFERENCE ORDER**
16                                     )
                                       )
17                                     )
                                       )
18                                     )
                                       )
19                                     )
                                       )
20                                     )
                                       )
21   _____

22          This case is assigned for all purposes to Judge David Cohn in the Complex

23   Litigation Program, Department S-26, located at the San Bernardino Justice Center, 247

24   West Third Street, San Bernardino, California, 92415-0210.  Telephone numbers for

25   Department S-26 are (909) 521-3519 (Judicial Assistant) and (909) 708-8866 (Court

26   Attendant).

27

28

                                      **-1-**

### The Initial Case Management Conference

An initial Case Management Conference (CMC) is scheduled for  MAR 2 2 2021

at 9:00 a.m.  Due to the social distancing requirements imposed by the COVID-19

pandemic, the initial CMC (and all subsequent CMCs) will be conducted remotely, via

CourtCall.  Contact CourtCall at (888) 882-6878 (www.CourtCall.com) to schedule the

appearance through CourtCall.   Until further order of the Court, in-person attendance at

CMCs is not allowed.[1]

Counsel for all parties are ordered to attend the initial CMC.  If there are

defendants who have not yet made a general or special appearance, those parties who

are presently before the court may jointly request a continuance of the initial CMC to

allow additional time for such non-appearing defendants to make their general or

special appearances.   Such a request should be made by submitting a Stipulation and

Proposed Order to the Court, filed directly in Department S-26, no later than five court

days before the scheduled hearing.

### Stay of the Proceedings

Pending further order of this Court, and except as otherwise provided in this

Order, these proceedings are stayed in their entirety.  This stay precludes the filing of

any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the

Court.  Each defendant, however, is directed to file a Notice of General Appearance (or

a Notice of Special Appearance if counsel intends to challenge personal jurisdiction) for

purposes of identification of counsel and preparation of a service list.  The filing of a

---

[1] In-person appearances are allowed for motions, but are discouraged.  Until the Pandemic
restrictions are lifted, please use CourtCall whenever possible.

Notice of General Appearance is without prejudice to any substantive or procedural challenges to the complaint (including subject matter jurisdiction), without prejudice to any denial or affirmative defense, and without prejudice to the filing of any cross-complaint.  The filing of a Notice of Special Appearance is without prejudice to any challenge to the court's exercise of personal jurisdiction.  This stay of the proceedings is issued to assist the court and the parties in managing this case through the development of an orderly schedule for briefing and hearings on any procedural or substantive challenges to the complaint and other issues that may assist in the orderly management of this case.  This stay shall not preclude the parties from informally exchanging documents and other information that may assist them in their initial evaluation of the issues.

### Service of this Order

Plaintiffs' counsel is ordered to serve this Order on counsel for each defendant, or, if counsel is not known, on each defendant within five days of the date of this Order. If the complaint has not been served as the date of this Order, counsel for plaintiff is to serve the complaint along with this Order within ten days of the date of this Order.

### Agenda for the Initial Case Management Conference

Counsel for all parties are ordered to meet and confer in person no later than ten days before the initial CMC to discuss the subjects listed below.  Counsel must be fully prepared to discuss these subjects with the court:

1. Any issues of recusal or disqualification;

2. Any potentially dispositive or important threshold issues of law or fact that, if considered by the court, may simplify or further resolution of the case;

3. Appropriate mechanisms for Alternative Dispute Resolution;

4. A plan for the preservation of evidence and a uniform system for the identification of documents to be used throughout the course of this litigation, including discovery and trial;

5. A discovery plan for the disclosure and production of documents and other discovery, including whether the court should order automatic disclosures, patterned on Federal Rule of Civil Procedure 26(a) or otherwise;

6. Whether it is advisable to conduct discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7. Any issues involving the protection of evidence and confidentiality;

8. The use and selection of an electronic service provider;

9. The handling of any potential publicity issues;

10. Any other issues counsel deem appropriate to address with the court.

### The Joint Report

Counsel are ordered to prepare a Joint Report for the initial CMC, to be filed directly in Department S-26 (not in the Clerk's office), no later than four court days before the conference date.  The Joint Report must include the following:

1. Whether the case should or should not be treated as complex;

2. Whether additional parties are likely to be added and a proposed date by which all parties must be served;

3. A service list (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses, and fax numbers for all counsel.)

4. Whether the court should issue an order requiring electronic service. Counsel should advise the court regarding any preferred web-based electronic service provider;

5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

6. Whether there are applicable arbitration agreements, and the parties' views on their enforceability;

7. A list of all related litigation pending in this or other courts (state and federal), a brief description of any such litigation, including the name of the judge assigned to the case, and a statement whether any additional related litigation is anticipated;

8. A description of the major factual and legal issues in the case. The parties should address any contracts, statutes, or regulations on which claims or defenses are based, or which will require interpretation in adjudicating the claims and defenses;

9. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

10. A discovery plan, including the time need to conduct discovery and whether discovery should be conducted in phases or limited (and, if so, the order of phasing or types of limitations). With respect to the discovery of electronically stored information (ESI ), the plan should include:

   a. Identification of the Information Management Systems used by the parties;

b.  The location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard-drives maintained by custodians);

c.  The types of ESI that will be requested and produced, e.g. data files, emails, etc.;

d.  The format in which ESI will be produced;

e.  Appropriate search criteria for focused requests.

f.  A statement whether the parties will allow their respective IT consultants or employees to participate directly in the meet and confer process.

11. Whether the parties will stipulate that discovery stays or other stays entered by the court for case management purposes will be excluded in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

12. Recommended dates and times for the following:

a.  The next CMC;

b.  A schedule for any contemplated ADR;

c.  A filing deadline (and proposed briefing schedule) for any anticipated non-discovery motions.

d.  With respect to class actions, the parties' tentative views on an appropriate deadline for a class certification motion to be filed.

To the extent the parties are unable to agree on any matter to be addressed in the Joint Report, the positions of each party or of various parties should be set forth separately.  The parties are encouraged to propose, either jointly or separately, any

approaches to case management that they believe will promote the fair and efficient handling of this case.

Any stipulations to continue conferences or other hearings throughout this litigation must be filed with the court directly in Department S-26 (not in the Clerk's office), no later than four court days before the conference or hearing date.

### Informal Discovery Conferences

Motions concerning discovery cannot be filed without first requesting an informal discovery conference (IDC) with the court. Making a request for an IDC automatically stays the deadline for filing any such motion. IDCs are conducted remotely, via the BlueJeans Video Conferencing program. Attendees will need to download the BlueJeans program (available from the app stores for IOS or Android) to a computer, laptop, tablet, or smartphone. If the device being used does not have camera capability, the BlueJeans application offers an audio-only option. Video appearance at the IDC, however, is encouraged. The Court will provide a link to join the conference at the appointed time. Please provide Department S-26's Judicial Assistant ((909) 521-3519) or Court Attendant ((909) 708-8866) with an e-mail address. No briefing is required for the IDC, but counsel should lodge (not file) the relevant discovery record in Department S-26 before the IDC.

Dated: ___1/11/21___ , 2020.

David Cohn,
Judge of the Superior Court

-7-



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| **class Action** Regina Marquez -v- Southwire Company | |
|---|---|
| **IMPORTANT CORRESPONDENCE** | Case Number<br>CIVSB2027859 |

Justice Law Corporation
751 N Fair Oaks Avenue
Suite 101
Pasadena CA  91103

From the above entitled court, enclosed you will find:

INITIAL CASE MANAGEMENT CONFERENCE ORDER AND GUIDELINES.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing:  1/13/2021

I declare under penalty of perjury that the foregoing is true and correct.  Executed on 1/13/2021 at San Bernardino.

By:  Alfie Cervantes